AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| MICHAEL MANGARELLA | ) |
| _Petitioner_ | ) |
| | ) |
| v. | ) Case No. 5:24-CV-651-MMH-PRL |
| | ) _(Supplied by Clerk of Court)_ |
| | ) |
| WARDEN, FCC COLEMAN-LOW | ) * EMERGENCY/TIME SENSITIVE MOTION * |
| _Respondent_ | |

_(name of warden or authorized person having custody of petitioner)_

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: **Michael Mangarella**
    (b) Other names you have used: **N/A**
2.  Place of confinement:
    (a) Name of institution: **FCC Coleman Low**
    (b) Address: **P.O. Box 1031, Coleman, FL 33521-1031**

    (c) Your identification number: **22617-058**
3.  Are you currently being held on orders by:
    ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
       (a) Name and location of court that sentenced you:
       **U.S. District Court for the Western District of North Carolina**
       (b) Docket number of criminal case: **3:06-CR-000151-003**
       (c) Date of sentencing: **September 22, 2009**
    ☐ Being held on an immigration charge
    ☐ Other _(explain)_:

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

MANGARELLA, MICHAEL  22617058

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other (explain): _____

_____

6.  Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court:    BOP – FCC Coleman Low

    (b) Docket number, case number, or opinion number:   Administrative Remedy Case No: 121774

    (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

    Failure to award First Step Act of 2018 Earned Time Credits.  * See Attached

    _____

    (d) Date of the decision or action:    September 18, 2024

### Your Earlier Challenges of the Decision or Action

7.  **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ☒ Yes          ❏ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:
            BOP – Unit Manager

        (2) Date of filing:    September 19, 2024        Administrative Remedy Case
        (3) Docket number, case number, or opinion number:   No. 121774

        (4) Result:    Informal Resolution Denied
        (5) Date of result:   September 24, 2024

        (6) Issues raised:
            Failure to award FSA ETC because of detainer

        _____

        _____

        _____

    (b) If you answered "No," explain why you did not appeal:    N/A

    _____

8.  **Second appeal**

    After the first appeal, did you file a second appeal to a higher authority, agency, or court?

    ☒ Yes          ❏ No

MANGARELLA, MICHAEL 22617058

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

BOP – Warden

(2) Date of filing:    September 26, 2024    Administrative Remedy Case
(3) Docket number, case number, or opinion number: No: 121774-F1

(4) Result:    BP-9 Denied

(5) Date of result:    November 19, 2024 – Late Response

(6) Issues raised:

Failure to award FSA ETC because of detainer

(b) If you answered "No," explain why you did not file a second appeal:    N/A

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒Yes                ☐No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

BOP – Regional Director

(2) Date of filing:    November 23, 2024    Administrative Remedy Case
(3) Docket number, case number, or opinion number: No. 121774-R1

(4) Result:    N/A

(5) Date of result:    N/A

(6) Issues raised:

Failure to award FSA ETC because of detainer and BOP Public Safety Factor

(b) If you answered "No," explain why you did not file a third appeal:

Regional Director has not responded

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐Yes                ☒No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐Yes                ☒No        N/A

MANGARELLA, MICHAEL  22617058
Page 4 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: N/A

(2) Case number: N/A

(3) Date of filing: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: N/A

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes    ☒ No

If "Yes," provide:

(1) Name of court: N/A

(2) Case number: N/A

(3) Date of filing: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: N/A

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:
Challenging the Warden's failure to award FSA ETCs is properly brought under § 2241

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes    ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: N/A

(b) Date of the removal or reinstatement order: N/A

(c) Did you file an appeal with the Board of Immigration Appeals? N/A

☐ Yes    ☐ No

MANGARELLA, MICHAEL 22617058

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: N/A

(2) Case number: N/A

(3) Result: N/A

(4) Date of result: N/A

(5) Issues raised: N/A

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes    ☐ No    N/A

If "Yes," provide:

(1) Name of court: N/A

(2) Date of filing: N/A

(3) Case number: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: N/A

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes    ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: N/A

(b) Name of the authority, agency, or court: N/A

(c) Date of filing: N/A

(d) Docket number, case number, or opinion number: N/A

(e) Result: N/A

(f) Date of result: N/A

(g) Issues raised: N/A

MANGARELLA, MICHAEL  22617058

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**    The Warden has failed to award Petitioner the FSA ETCs that he is entitled to receive.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The Warden has violated the mandatory language of the FSA by failing to give Petitioner the FSA ETCs that he is entitled to because of a detainer and Public Safety Factor. Petitioner must immediately be placed in prerelease custody.

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes          ☐ No

**GROUND TWO:**          N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
                N/A

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No          N/A

**GROUND THREE:**          N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
                N/A

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No          N/A

MANGARELLA, MICHAEL  22617058

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**        N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
                        N/A

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No          N/A

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    Ground One was raised in all available appeals

## Request for Relief

15. State exactly what you want the court to do:·
   Petitioner requests immediate prerelease custody placement, as required under the FSA.

MANGARELLA, MICHAEL  22617058

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _12/1/24_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _12/1/24_

_____
Signature of Petitioner

N/A
_____
Signature of Attorney or other authorized person, if any

MANGARELLA, MICHAEL  22617058

MICHAEL MANGARELLA, 22617-058
COLEMAN LOW FCI      UNT: 2 GP      QTR: B16-128L
P.O. BOX 1021
COLEMAN,  FL 33521

**Response to Administrative Remedy Case Number: 1217774-F1**

This is in response to your Request for Administrative Remedy received in this office on November 1, 2024, wherein you are requesting Community Corrections Center placement under the First Step Act(FSA). You claim you are still eligible for Residential Reentry Center Placement under the First Step Act although you have a lodged detainer for the Nevada Department of Public Safety, Division of Probation and Parole for violation of probation. As relief, you would like for you FSA Time Credits to be applied to your Community Corrections Center Referral.

A review of this matter was conducted and revealed, you have a lodge detainer for the Nevada Department of Public Safety, Division of Probation and Parole for violation of probation. Nevada Department of Public Safety will extradite you once you are released from your sentence with the Federal Bureau of Prisons. Additionally, you have the Public Safety Factor of Sex Offender due to Lewdness with a Child Under the Age of 14 years. Due to your criminal history, you are considered a continuing threat to the community.

According to Program Statement 7310.04 dated December 16, 1998, Community Corrections Center (CCC) Utilization and Transfer Procedures, Inmates in the following categories shall not ordinarily participate in CCC programs: Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement. Inmates who pose a significant threat to the community. These are inmates whose current offense or behavioral history suggests a substantial or continuing threat to the community. Inmates who are assigned a "Sex Offender" Public Safety Factor.

Therefore, based on the above information, your Request for Administrative Remedy is **denied**.

If you are dissatisfied with this response, you may appeal by filing a BP-10 to the Bureau of Prisons, Southeast Regional Office, and Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar days from the date of this response.

_____                    _11-19-24_____
A. Mendoza, Warden                         Date

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Mangarella, Michael | 22617-058 | B-4 | FCC Coleman Low |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**   I request the RRC placement that I am entitled to under the First Step Act of 2018. I was told that I am not eligible for RRC placement due to the fact that I have a detainer lodged by the Nevada Department of Public Safety Division of Probation ▇ and Parole for a pending Violation of Probation. However, under 18 U.S.C. § 3632(d)(4), BoP Program Statement 5410.01, and current policy, I can still apply my FTCs to RRC placement **despite** the current detainer.

On March 10, 2023, Change Notice 2 was issued for P.S. 5410.01. This Change Notice modified the language of the Program Statement to strike the requirement inmates must resolve pending charges and/or detainers before they apply FTCs toward prerelease custody. See (Change Notice 2). In addition, the BoP Issued an Inmate Message stating that FTCs can be applied "toward halfway house and/or home confinement regardless of their detainer Status and/or pending charges." See (Inmate Message). Thus, I am entitled to placement in an RRC.   9-25-24

| 9-25-24 | _Michael Mangarella_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

RECEIVED
NOV 01 2024
By:........

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE     CASE NUMBER: 1211114-F1

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN     PRINTED ON RECYCLED PAPER     BP-229(13)
APRIL 1982

*Detainer*

COC 1330.17.B
May 22, 2015
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.16 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| Mangarella, Michael | 22617-058 | 128L/B4 | X M Mangarella 9/19/24 |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1. Specific complaint (one 8 ½" x 11" continuation page may be attached):

I request RRC placement. Under the FSA, transfer to prerelease custody is required despite the outstanding detainer. See attached case.

2. What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

I have spoken to case manager Ivory, the A.W., and the Warden.

3. What action does the inmate wish to be taken to correct the issue?

The FSA does not give the BOP discretion to determine which prisoners are suitable for placement in prerelease custody. I have earned over 600 ETC days and these days must be applied.

Correctional Counselor's Comments (including actual steps taken to resolve):

You are not eligible for RRC placement due your detainer for Nevada Department of Public Safety

| | | Staff Circle One: |
|---|---|---|
| Correctional Counselor /um | Date 9/21/24 | (Informally Resolved)  Not Informally Resolved |

| | |
|---|---|
| Unit Manager's Review /um | |
| Unit Manager | Date 9/24/24 |

**Distribution by Correctional Counselor:**

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 9/19/2024 | 9/19/2024 | 9/24/24 | 9/26/2024 | 10/4/2024 |
| Time: | 1022 hrs | 1140 hrs | 1100m | 1340 hrs | 1400 hrs |
| Counselor: | Pittman | Pittman | /um | Pittman | Pittman |

**ALPHONSO WOODLEY, Petitioner, v. Warden, USP Leavenworth, Respondent.**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**
**2024 U.S. Dist. LEXIS 87521**
**Case No. 24-3053-JWL**
**May 15, 2024, Decided**
**May 15, 2024, Filed**

**Counsel**          {2024 U.S. Dist. LEXIS 1}Alphonso Woodley, Petitioner, Pro se,
          Leavenworth, KS.

          For (fnu) (lnu), Warden, USP-Leavenworth, Respondent: Brian
          E. Vanorsby, LEAD ATTORNEY, Office of United States Attorney - Wichita, Wichita, KS.
**Judges:** Hon. John W. Lungstrum, United States District Judge.

<b>Opinion</b>

**Opinion by:**          John W. Lungstrum

<b>Opinion</b>

### MEMORANDUM AND ORDER

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that he is entitled to immediate transfer to prerelease custody. The Court ordered briefing on an expedited basis, respondent has filed an answer, and petitioner has filed a reply brief, and the matter is thus ripe for ruling. For the reasons set forth below, the Court **grants** the petition, and respondent is ordered to effect petitioner's transfer to prerelease custody within 30 days of the date hereof.1

Habeas corpus review is available under Section 2241 if a prisoner is in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). In this case, petitioner claims that respondent and the Bureau of Prisons (BOP) have violated the governing federal statutes by failing to effect his immediate transfer to prerelease custody.

Respondent first argues that petitioner has failed to exhaust his administrative remedies{2024 U.S. Dist. LEXIS 2} as required. Petitioner concedes that he has not completed the BOP's usual four-step administrative process. He argues nonetheless that exhaustion should not be required in his case because of futility, based on the following facts: the regional BOP authority has taken over his prison, which has therefore been on lockdown, and the necessary forms are not available; he followed the instructions of BOP personnel in attempting to submit a "sensitive" claim by BP-10 form directly to the regional office, to bypass two administrative steps; and it would take 120 days or more to use the four-step procedure to address his claim that he is entitled to immediate transfer.

Petitioner is correct that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). As a general rule, the futility exception is not satisfied merely because exhaustion could not be completed by the release date that would apply if a petitioner received the claimed credits, *see Randolph v. Hudson*, 2022 U.S. Dist. LEXIS 100036, 2022 WL 1909051, at *1-3 (D. Kan. June 3, 2022) (Lungstrum, J.), or because the petitioner may lose time in a residential reentry center, *see Garner v. United States*, 2021 U.S. Dist. LEXIS 163368, 2021 WL 3856618, at *3 (D. Kan. Aug. 30,

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

2021) (Lungstrum, J.). In this case, however, respondent has not disputed the facts asserted{2024 U.S. Dist. LEXIS 3} by petitioner, particularly the fact that the necessary forms for exhausting are not available.2 In addition, the regional office has already rejected petitioner's claim, even though, as discussed below, the applicable statutes require petitioner's immediate transfer to prerelease custody. Accordingly, the Court finds that exhaustion would be futile in this case, and it will not dismiss the petition on that basis.

Respondent has conceded the following facts. Petitioner was sentenced to a term of imprisonment of 120 months, with 60 months of supervised release, after his conviction for a drug conspiracy offense. Based on projected good conduct time, petitioner would have a statutory release date of April 8, 2027; but because of the application of Earned Time Credits (ETCs) under the First Step Act (FSA) and because of petitioner's completion in December 2023 of a Residential Drug Abuse Treatment Program (RDAP), his projected release date is now April 8, 2025. The BOP has applied 365 days of ETCs toward petitioner's release date, and 445 days of ETCs toward time in a residential reentry center (RRC). Petitioner is eligible at present for placement in an RRC, and the BOP has notified petitioner{2024 U.S. Dist. LEXIS 4} that he will be placed in an RRC in Tampa (his release location) on September 4, 2024. According to respondent and the BOP, a placement to an RRC is made to the extent that resources and bed space permit, and that such placement is not required if there is no space available.

In response to the petition, respondent argues that the place of petitioner's confinement falls within the BOP's discretion, with which this Court has no authority to interfere. Respondent argues that two statutes apply here. First, 18 U.S.C. § 3624(b) grants the BOP the authority to designate the place of a prisoner's confinement and to transfer a prisoner to a different facility. *See id.* That statute also provides that "a designation of a place of imprisonment under this subsection is not reviewable by any court." *See id.* Second, the transfer of a prisoner to prerelease custody is addressed in 18 U.S.C. § 3624. Subsection 3624(c) includes the following relevant provisions:

> **(1) In general.** - The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity{2024 U.S. Dist. LEXIS 5} to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility [such as an RRC].

> **(2) Home confinement authority.** - The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

> . . .

> **(4) No limitations.** - Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621. . . . *See id.* § 3624(c). In addition, Section 3624(g) discusses options for certain eligible prisoners who have earned ETCs under the FSA. *See id.* § 3624(g). Such prisoners "shall be placed in prerelease custody" according to certain conditions, with the options including home confinement and placement in an RRC. *See id.* § 3624(g)(1), (2). That subsection also provides that the BOP "may transfer [such eligible] prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application{2024 U.S. Dist. LEXIS 6} of [ETCs] under section 3632." *See id.* § 3624(g)(3).

1yjcases                                                                    2

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Respondent is correct that those statutes, by themselves, do not require the BOP to transfer a prisoner to prerelease custody (for instance, at an RRC) as soon as that prisoner is eligible for such placement, for the maximum allowable period of prerelease custody. Rather, Section 3624 provides that the BOP must, to the extent practicable, ensure that a prisoner spends "a portion" of his final 12 months under conditions that will prepare the prisoner for reentry into the community.

Respondent has not addressed the provisions of the FSA set forth in 18 U.S.C. § 3632, however, and the fact that petitioner has earned ETCs. Section 3632(d) provides that prisoners shall earn ETCs based on participation in evidence-based recidivism reduction (EBRR) programming. *See id.* § 3632(d)(4). After describing how such ETCs may be earned, the FSA provides as follows:

> **(C) Application of time credits toward prerelease custody or supervised release.** - Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, {2024 U.S. Dist. LEXIS 7} as determined under section 3624(g), into prerelease custody or supervised release. *See id.* § 3632(d)(4)(C). Under a plain reading of this provision of the FSA, which includes the word "shall", the BOP is *required* to transfer a prisoner to prerelease custody or supervised release if the prisoner is "eligible" as determined under Subsection 3624(g). Under Section 3624(g), a prisoner is "eligible" if the prisoner has earned ETCs in an amount equal to the remainder of the prisoner's term of imprisonment, which remainder amount has been computed, and the prisoner has met certain benchmarks for the assessed risk of recidivism. *See id.* § 3624(g)(1). Respondent has conceded that petitioner is eligible for placement in prerelease custody. Accordingly, the FSA requires the BOP to place petitioner in prerelease custody.

Respondent's excuse for delaying petitioner's transfer to an RRC is that bed space is not available in a particular RRC until September. No such condition concerning bed availability is included among the requirements for eligibility under Section 3624(g), however, and thus immediate placement in prerelease custody is nevertheless required under Section 3632(d)(4)(C).3 As noted above, that statute uses the mandatory "shall" (as distinguished, for instance, from the provision in Section 3624(g)(3) that the {2024 U.S. Dist. LEXIS 8} BOP "may" transfer a prisoner to early supervised release). Numerous courts have held that the BOP has no discretion to delay or refuse transfer of an eligible prisoner to prerelease custody, which transfer is mandatory. *See, e.g., Doe v. Federal Bur. of Prisons*, 2024 U.S. Dist. LEXIS 19755, 2024 WL 455309, at *1-4 (S.D.N.Y. Feb. 5, 2024) (transfer to prerelease custody was required despite the prisoner's participation in the witness protection program); *Ramirez v. Phillips*, 2023 U.S. Dist. LEXIS 228778, 2023 WL 8878993, at *4 (E.D. Cal. Dec. 22, 2023) (agreeing with interpretation that transfer to prerelease custody is mandatory, BOP has no discretion not to transfer); *Komando v. Luna*, 2023 U.S. Dist. LEXIS 11477, 2023 WL 310580, at *4-8 (D.N.H. Jan. 13, 2023) (transfer to prerelease custody was required despite outstanding detainer; rejecting argument that the BOP had discretion to determine which prisoners were suitable for placement in prerelease custody), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 19054, 2023 WL 1782034 (Feb. 6, 2023); *Sierra v. Jacquez*, 2022 U.S. Dist. LEXIS 234525, 2022 WL 18046701, at *4 (W.D. Wash. Dec. 27, 2022) (transfer to prerelease custody required despite immigration detainer, rejecting argument for discretion), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 6938, 2023 WL 184225 (Jan. 13, 2023); *Jones v. Engleman*, 2022 U.S. Dist. LEXIS 185635, 2022 WL 6563744, at *9-13 (C.D. Cal. Sept. 7, 2022) (transfer to prerelease custody was mandatory despite pending charges and argument that the prisoner was a flight risk), *report and recommendation adopted in relevant part*, 2022 U.S. Dist. LEXIS 185029, 2022 WL 6445565 (Oct. 7, 2022).4

1yjcases                                        3

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Respondent has not addressed this authority or cited any contrary authority, and the Court is not aware of any court that has interpreted the mandatory language of{2024 U.S. LEXIS 9} Section 3632(d)(4)(C) in any other way. Respondent relies on a prior decision in which this Court stated that a prisoner has no constitutional right to be placed in a particular facility and that the BOP has exclusive authority and discretion to designate the place of confinement. *See Lee v. English*, 2019 U.S. Dist. LEXIS 139767, 2019 WL 3891147, at *9-10 (D. Kan. Aug. 19, 2019) (Lungstrum, J.), *aff'd sub nom. Jones v. English*, 817 F. App'x 580 (10th Cir. 2020). There is no indication that the prisoner in that case was an eligible prisoner who had earned ETCs, however, and neither this Court nor the Tenth Circuit addressed the applicability of Section 3632(d)(4)(C) in that case. *See id.; Jones*, 817 F. App'x 580. In this case, it is clear that the BOP has no discretion to refuse or delay the transfer of petitioner to prerelease custody.5

Finally, the Court notes that respondent has argued that petitioner's transfer to a particular RRC was scheduled for the future based on bed availability. Respondent has not argued or provided evidence, however, that there is no available space for petitioner in any RRC, or that his immediate transfer to prerelease custody cannot be accomplished. In this regard, the Court notes that while the FSA requires transfer to prerelease custody, the BOP retains the discretion to decide whether to transfer petitioner to an RRC or to home confinement, or even whether{2024 U.S. Dist. LEXIS 10} to transfer petitioner to early supervised release. *See Ramirez*, 2023 U.S. Dist. LEXIS 228778, 2023 WL 8878993, at *4; *Komando*, 2023 U.S. Dist. LEXIS 11477, 2023 WL 310580, at *6. Nor does the Court require that petitioner be placed in any particular RRC; thus, the BOP retains the discretion to choose the particular prerelease facility. The Court notes, however, that Section 3624(g) requires the BOP to "ensure there is sufficient prerelease custody capacity to accommodate all eligible prisoners." *See* 18 U.S.C. § 3624(g)(11); *Doe*, 2024 U.S. Dist. LEXIS 19755, 2024 WL 455309, at *4.

Accordingly, because the BOP's failure to transfer petitioner to prerelease custody violates federal law, the Court grants the petition for relief. Respondent and the BOP are ordered to effect such a transfer.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **granted**, and respondent is ordered to effect petitioner's transfer to prerelease custody within 30 days of the date hereof.

IT IS SO ORDERED.

Dated this 15th day of May, 2024, in Kansas City, Kansas.

/s/ John W. Lungstrum

Hon. John W. Lungstrum

United States District Judge

#### Footnotes

1

In addition, the Court in its discretion **grants** petitioner's motion to file a handwritten petition (Doc. # 2), for the reasons argued by petitioner (the proper form was not available and he was seeking an expedited ruling); because his handwritten petition included the same information required by the form; and because respondent did not oppose the motion. With his traverse, petitioner sought leave to file that brief out of time, but that motion is **denied as moot**, as the Court previously granted

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

petitioner an extension of time until May 17, 2024, to file the traverse.
2

Petition asserted these facts in his motion to file a handwritten petition, which was filed before respondent's answer.
3

The applicable provisions requiring transfer to prerelease custody of eligible prisoners who have earned ETCs are thus distinguished from the provisions of Section 3624(c), which include the qualifying language "to the extent practicable." No such qualifying language is found in the mandate of Section 3632(d)(4)(C) or the eligibility requirements of Section 3624(g)(1).
4

Because the statute is clear that transfer to prerelease custody is mandatory, any contrary interpretation by the BOP (had it offered one) would not be entitled to any deference. *See Komando*, 2023 U.S. Dist. LEXIS 11477, 2023 WL 310580, at *7-8; *Jones*, 2022 U.S. Dist. LEXIS 185635, 2022 WL 6563744, at *9.
5

In *Jones*, the Tenth Circuit noted that although a transfer to an RRC affects the conditions of confinement, not its duration, it had allowed prisoners to challenge by habeas petition under Section 2241 whether the BOP had followed the law in evaluating whether to approve such a transfer. Here, the Court has determined that the BOP did not follow the law with respect to its transfer decision involving petitioner; thus, the Court has determined that habeas relief is appropriate.

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**BP-S394.058 DETAINER ACTION LETTER** CDFRM
**U.S. DEPARTMENT OF JUSTICE**                                    SE
                                              **FEDERAL BUREAU OF PRIS**

| To<br>Clark County Sheriff's Department<br>400 Stewart Avenue<br>Las Vegas, NV 89101<br>ATTN; Warrants/Fugitive Unit | | Institution **United States Penitentiary McCrea**<br>**Attn: Record Office**<br>**330 Federal Way**<br>**Pine Knot, KY 42635** | |
|---|---|---|---|
| | | Date<br>12-21-2009 | |
| Case/Dkt#<br>C161273 | Inmate's Name<br>Mangarella, Michael | Federal Register No.<br>22617-058 | DOB/SEX/RACE<br>07-03-1954 M/W |
| Aliases | | Other No FBI: 63364N11<br>NV State No.: 02349456 | |

The below checked paragraph relates to the above named inmate:

**X**    This office is in receipt of the following report: __A review of the inmates PSI indicates__ __he may have an active bench warrant in your jurisdiction.__ Will you please investigate report and advise what disposition, if any, has been made of the case. If subject is wanted your department and you wish a detainer placed, it will be necessary for you to forwar certified copy of your warrant to us along with a cover letter stating your desire to have lodged as a detainer. If you have no further interest in the subject, please forward a le indicating so.

☐    A detainer has been filed against this subject in your favor charging_____ Release tentatively scheduled for_____, however, we will notify you no later than 60 days p to actual release. **To check on an inmate's location, you may call our National Locator Cer at: 202-307-3126 or check our BOP Inmate Locator Website at www.bop.gov.**

☐    Enclosed is your detainer warrant. Your detainer against the above named has been removed compliance with your request.

☐    Your detainer warrant has been removed on the basis of the attached _____ Notify this office immediately if you do not concur with this action.

☐    Your letter dated _____ requests notification prior to the release of the above na prisoner. Our records have been noted. Tentative release date at this time is_____

☐    I am returning your _____ on the above named inmate who was commit to this institution on _____ to serve _____ for the offense _____. If you wish your _____ filed as a detain please return it to us with a cover letter stating your desire to have it placed as a hold indicate you have no further interest in the subject.

**X**    Other: **Case held in the 8th Judicial District court of Clark County, NV**

Sincerely,

_for_ Sheila R. Mattingly
Supervisory Correctional Syste
Specialist

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Sect: 1); Copy - Correctional Services Department

(This form may be replicated via WP)

(Replaces BP-394(58) dtd MAR 2(

**POLICE DEPARTMENT**
DOUGLAS C. GILLESPIE, Sheriff

*Partners with the*

December 29, 2009

United States Penitentiary Mccreary
Attn: Records
330 Federal Way
Pine Knot, KY 42635

Re: **Michael Mangarella**          **ID#646164**

Per your request, the above referenced subject has no active warrants with the Clark County Detention Center, and is no longer wanted by our agency.

If you require further information, please do not hesitate to contact us at (702) 671-5984 or write Clark County Detention Center, 330 S. Casino Center, Las Vegas, NV 89101, to the attention of the Correspondence Desk.

Sincerely,

DOUGLAS GILLESPIE, SHERIFF

BY:     SUSAN MINARD, LEST
        RECORDS SUPPORT UNIT
        DETENTION SERVICES DIVISION

```
   COLDO  540*23 *          SENTENCE MONITORING          *    09-05-2024
PAGE 003 OF 003 *          COMPUTATION DATA             *    09:23:10
                             AS OF 09-05-2024
```

REGNO..: 22617-058 NAME: MANGARELLA, MICHAEL


---------------------------- CURRENT DETAINERS: ----------------------------

```
DETAINER NO..: 001
DATE LODGED..: 08-22-2024
JURISDICTION.: STATE OF NEVADA
AUTHORITY....: NEVADA DEPARTMENT OF PUBLIC SAFETY
CHARGES......: DIVISION OF PROBATION AND PAROLE
               CHARGE: VIOLATION OF PROBATION
```

G0000      TRANSACTION SUCCESSFULLY COMPLETED

### Inmate Message – Application of Federal Time Credits toward RRC/HC for Individuals with Unresolved Pending Charges

Under the First Step Act, individuals with Minimum or Low Recidivism Risk Level and have earned Federal Time Credits greater than the 365 days applied to early transfer to Supervised Release are eligible to apply those additional credits toward halfway house and/or home confinement regardless of their detainer status and/or unresolved pending charges. This benefit also applies to non-U.S. citizens as long as they have not received a final order of deportation or removal.

Over the next several weeks, unit teams will begin the process of referring these individuals for pre-release placement. Prior to completing the referrals, Correctional Systems will also be verifying the current status of any detainer and/or unresolved pending charges.

It is important to understand that while we will begin the process of referring individuals to halfway house and/or home confinement, placement in the community does NOT eliminate the outstanding detainers and/or pending charges. **Meaning - if you are in halfway house and/or home confinement and have detainers and/or pending charges, you are at significantly higher risk to be arrested due to active warrants, and an arrest will result in a technical escape for you and an interruption in your federal sentence as the Bureau will have lost primary jurisdiction.**

Because this referral is based strictly the FSA time credits and not a needs-based Second Chance Act recommendation, you can voluntarily choose not to participate in the FSA placement. Further, as the placement is voluntary, choosing not to participate will have no impact on the Federal Time Credits applied toward your early release.

If you wish to not participate in a community prerelease placement due to detainers and/or unresolved pending charges and increased risk of arrest, please submit an Inmate Request to Staff Member to your Unit Team right away.

 **U.S. Department of Justice**
Federal Bureau of Prisons

CHANGE  NOTICE
OPI:        CPD/CPB
NUMBER:  5410.01 CN-2
DATE:      March 10, 2023

# First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)

*/s/*
*Approved*: Colette S. Peters
Director, Federal Bureau of Prisons

This Change Notice (CN) implements the following changes to Program Statement 5410.01, **First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)**, dated November 18, 2022.

*The highlighted text has been changed (either added or struck through) in Section 10.*
*APPLICATION OF FTCs:*

To apply FTCs to prerelease placement, an inmate ordinarily must otherwise be eligible to participate in prerelease custody consistent with limitations as outlined in the Program Statement **Community Corrections Center (CCC) Utilization and Transfer Procedure, separate from any FSA eligibility criteria,** and be "opted in" at the time of the referral and be in minimum or low risk status through their last two assessment periods and transfer to prerelease placement. However, in all cases, earned time credits will be applied to prerelease custody (RRC and/or HC) as required by the First Step Act.

The First Step Act requires that, if an individual meets the criteria outlined in (c)(1), the credits must be applied when the amount of time credits earned is equivalent to remainder of the prisoner's imposed term of imprisonment, consistent with the method for calculation described below. Pre-release placement in a Residential Reentry Center (RRC) or Home Confinement (HC) will be based on FTCs other than those credits already applied to early transfer for supervised release.

or prerelease custody. For those inmates who have not completed two assessments prior to transfer to prerelease custody, reassessments will be completed automatically on a monthly basis and will capture changes which occur during prerelease placement.

*The highlighted text has been added to Section 8. TRACKING AND EARNING OF FTCs:*
FSA Time Credit Assessments (FTC Worksheets) will be automatically uploaded to the Inmate Central File during each auto-calculation. Inmates will be provided a copy of the most recent FTC Worksheet during regularly scheduled program reviews.

*The highlighted text in has been changed (either added or struck through) in Section 10. APPLICATION OF FTCs:*
~~While inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved. An inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of FTCs.~~

To apply FTCs to prerelease placement, an inmate ordinarily must otherwise be eligible to participate in prerelease custody consistent with limitations as outlined in the Program Statement **Community Corrections Center (CCC) Utilization and Transfer Procedure**, separate from any FSA eligibility criteria, and be "opted in" at the time of the referral and be in minimum or low risk status through their last two assessment periods and transfer to prerelease placement. ~~For inmates with minimum or low risk who have not yet maintained two consecutive assessments, they will need to submit a BP-A0148, Inmates Request to Staff, during their regularly scheduled Program Review in order to have their early application of FTCs considered. The Unit Manager will submit a request, along with the unit team's recommendation, to the Warden (or designee) for final decision.~~

Once an inmate has been transferred to prerelease custody pursuant to the procedures outlined in this section, the inmate will maintain the recidivism risk level the inmate had at the time of the transfer, unless the inmate benefits from a lower recidivism risk level based on the passage of time or the inmate's actions result in a higher risk rating. If an inmate is removed from prerelease custody for a violation, and is returned to a BOP institution, the inmate's recidivism risk level will be reassessed pursuant to the procedures outlined in Section 5 of this Program Statement.

For inmates who meet the following criteria, up to 365 days of earned FTCs will be automatically applied to early release:
- ~~Has no detainers or unresolved pending charges, to include unresolved immigration status and~~